[Civ. No. 3685.  First Appellate District, Division One.—April 22, 1921.]

## FANCHER CREEK NURSERIES, Respondent, v. E. F. LOESCHER, Appellant.

[1] PRINCIPAL AND AGENT—SALE OF NURSERY STOCK—LIMITATION OF AUTHORITY TO CASH SALES—LIABILITY FOR OTHER SALES—CONSTRUCTION OF AGENCY CONTRACT.—Under a contract creating an agency for the sale of nursery stock which provided for sales for cash only, and which also provided that the agent should be personally responsible for all goods sold and bills contracted, the agent was bound, in the event of acceptance of orders other than cash orders, to make good such orders in cash directly to the principal.

APPEAL from a judgment of the Superior Court of Fresno County.  D. A. Cashin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South for Appellant.

Harris, Johnson, Willey & Griffith for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor in an action upon a contract by the terms of which the defendant was created the agent of the plaintiff to make sales of nursery stock.

The contract, which was entered into on December 10, 1918, after providing for the appointment of the defendant as the plaintiff's agent for the purpose of selling and canvassing for the sale of nursery stock, contained a clause providing that the defendant as such agent agreed that he would sell nursery stock for cash only; would keep full and correct accounts of all sales made, and would make remittances promptly as sales and collections were made; the prices at which such sales were to be made were to be fixed from time to time by the principal; the defendant was to receive a commission of twenty per cent on all sales of nursery stock except citrus and grafted grape-vine stock, upon which his commissions were to be ten per cent, which commissions were to be paid only on orders which had been actually closed and paid for in cash.  The clause in said

contract out of which this action arose was in the following words: "The party of the second part shall be personally responsible for all goods sold and bills contracted under this agreement."

The complaint herein was in three counts, the first being a general count in *assumpsit* for a balance claimed to be due upon the entire amount of business transacted by the defendant as the plaintiff's agent, including an amount claimed to be due upon a direct purchase of nursery stock made by him on his own account. The second count was one to recover the sum of $287.50, the amount of the defendant's said personal purchase; while in the third count the contract was pleaded in full, and only the sum claimed to be due from the defendant for sales made by him to others as the plaintiff's agent was demanded.

The defendant upon the trial and upon this appeal admits his indebtedness in the sum set forth in the second count of the complaint springing from his personal purchase of nursery stock, and only complains of the findings of the trial court as to his liability under the personal responsibility clause in the contract above quoted for sales made by him to others as the plaintiff's agent. [1] The sole question which he thus raises upon this appeal is as to the construction to be placed upon said clause, his contention being that under said clause in his contract he was only to be held liable for such sums as might remain uncollectible after the plaintiff had first had recourse to those whose orders had been taken and filled for nursery stock, and hence that the plaintiff, not having alleged or proven any demand or attempted recourse upon the parties originally liable upon such orders, it had not shown the existence of a cause of action against the defendant and appellant herein.

We are unable to sustain this contention. The contract in question, when construed as a whole, clearly provides that the defendant as the plaintiff's agent should sell for cash only to such customers as he might succeed in obtaining orders from for the plaintiff's nursery stock, the plaintiff being required to fill these orders when so taken. It is quite evident that the principal inserted the clause in said contract providing for the personal responsibility of the defendant upon all orders taken by him for its own pro-

tection, and to our minds there is but one reasonable construction to be placed upon said clause, and that is that the agent, being authorized by the terms of his contract to sell for cash only, was bound, in the event of his accepting any orders for nursery stock other than cash orders, to make good such orders in cash directly to his principal.

The case of *Fuerst* v. *Musical Mut. Protective Union* (City Ct.), 95 N. Y. Supp. 155, upon which the appellant relies, must be read as to its interpretation of the phrase "personal responsibility" with its context; and when so read it is clear that its definition of that phrase as applicable to that particular case cannot be given application to the facts of the case at bar. The clause in the contract under review in this case would be meaningless if it was not intended to make the agent directly and primarily responsible to his principal upon all orders taken by him. The trial court correctly took this view in its findings and judgment, and since this is the only question involved in this case, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 20, 1920.

All the Justices concurred.